## Miller, Appellant, *v.* Dunbar Borough.

Argued March 17, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*David E. Cohen,* with him *Milton D. Margolis,* for appellant.

*Herman M. Buck,* with him *Paul V. Mahoney,* and *Ray, Buck & John,* and *Newcomer and Mahoney,* for appellee.

OPINION PER CURIAM, May 22, 1961:

Plaintiff appeals from a judgment of nonsuit. Plaintiff parked his car along an abutment bounding a stream, walked a very short distance and entered the

Sons of Italy Lodge in Dunbar. Two hours later he left the Lodge and walked to his car. He walked along the abutment, the top of which was 18 inches wide, and fell off precipitately into a creek 9½ feet below. He had walked along this abutment two hours before and was *thoroughly familiar* with it and the abutting drop into the creek. He retraced his steps over the same abutment he had used to enter the Lodge, reached the door of his car, opened it, and without looking, stepped backward, caught his heel on the abutment, lost his balance, fell into the creek, and suffered very severe injuries.

Plaintiff testified that he did not look before stepping back and expressly testified: "No, *I didn't look,* because I had already looked when I got out of the car, and I knew the abutment was there; and *when I come back I knew the abutment was there;* and when I was stepping back, *I figured I had room to make a step,* and when I stepped back my heel caught on the abutment and I lost my balance."

The lower Court entered a judgment of nonsuit on the ground of contributory negligence. We agree with the lower Court that where a person, fully aware of a dangerous situation in which he has placed himself, carelessly and blindly steps back and falls over a low precipice, he is guilty of contributory negligence as a matter of law and cannot recover.

Judgment affirmed.